```
 1
 2
 3
 4
 5
 6                       UNITED STATES DISTRICT COURT
 7                       EASTERN DISTRICT OF CALIFORNIA
 8
   ALEX MUNOZ,                          )  1:04cv6322 REC DLB
 9                                      )
                                        )
10                                      )  FINDINGS AND RECOMMENDATION
              Plaintiff,                )  REGARDING PLAINTIFF'S
11                                      )  SOCIAL SECURITY COMPLAINT
         v.                             )
12                                      )
   JO ANNE B. BARNHART, Commissioner    )
13 of Social Security,                  )
                                        )
14                                      )
                                        )
15            Defendant.                )
   _____ )
16
```

17                              **BACKGROUND**

18      Plaintiff Alex Munoz ("Plaintiff") seeks judicial review of a final decision of the

19 Commissioner of Social Security ("Commissioner") regarding his application for supplemental

20 security income and disability insurance benefits pursuant to Titles II and XVI of the Social

21 Security Act. The matter is currently before the Court on the parties' briefs, which were

22 submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate

23 Judge, for findings and recommendation to the District Court.

24 ///

25 ///

26 ///

27

28

**FACTS AND PRIOR PROCEEDINGS**[1]

Plaintiff filed his applications on November 6, 2001, alleging disability since April 1, 2001, due to bilateral shoulder bursitis and carpal tunnel syndrome in his left hand.  AR 60-63, 215-216, 74.  After being denied both initially and upon reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  AR 44-47, 49-52, 54-55.  On June 12, 2003, ALJ Michael J. Haubner held a hearing.  AR 219-252.  On June 26, 2003, ALJ Haubner found that Plaintiff was not disabled.  AR 13-22.  On July 22, 2004, the Appeals Council denied review.  AR 4-6.

Hearing Testimony

ALJ Haubner held a hearing on June 12, 2003, in Fresno, California.  Plaintiff appeared along with his attorney, Gina Fazio.  AR 219.  Vocational expert ("VE") Judith Najarian also appeared and testified.

Plaintiff testified that he lives in his car, but receives mail at his mother's address.  AR 225, 234.  Plaintiff was 31 years old at the time of the hearing.  AR 225.  He completed the eleventh grade.  AR 236.

Plaintiff reviewed his past work experience through August 2000.  AR 226-230.  He also worked at the post office for one and a half months, 40 hours per week, doing seasonal work.  AR 231-232.  The ALJ indicated that Plaintiff told a consultive examiner that he worked at the post office in 2002.  AR 232.  Plaintiff testified that this did not sound right, but indicated that he held this position within the past five years.  AR 233.  Plaintiff also indicated that he worked at the IRS after the post office position.  AR 232.  He worked there for two weeks, for 40 hours a week, sorting mail during the tax season.  AR 232-233.  This position was over in 2003.  AR 233.

Plaintiff is able to take care of his personal needs, drive, go to the market, and do laundry.  AR 235.  He also cooks for himself once a day, but does not do any chores around his mother's house.  AR 235.

---

[1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

Plaintiff testified that he was unable to work because of his missing right arm, a hurt right leg and pain in his back. AR 237. He also testified that he has problems with his left hand and pain in his shoulders. AR 238-239, 241. He thought he could lift about 20 pounds with one arm and could stand or walk for about four hours. AR 238. He is able to hold a pen and write for only a short time. AR 240. During the day, he visits friends and goes to the park. AR 242.

For the first hypothetical, the ALJ asked the VE to assume a person of Plaintiff's age, education, language and work experience who could lift and carry 20 pounds occasionally, 10 pounds frequently with the left upper extremity. This person has limits on pulling, reaching, feeling, fingering and handling with the left upper extremity for extended periods of time. AR 247. This person could perform Plaintiff's past relevant work as a sales clerk and security guard. AR 247.

For the second hypothetical, the ALJ asked the VE to assume a person who could lift and carry 10 pounds occasionally, less than 10 pounds frequently, but could not do any fingering with the right upper extremity. This person is restricted in climbing, balancing and working at heights for safety reasons. This person could not perform any of Plaintiff's past relevant work or any other work in the national economy. AR 248.

For the third hypothetical, the ALJ asked the VE to assume a person who could lift and carry ten pounds occasionally and ten pounds frequently, but cannot push and pull with the right upper extremity. This person could occasionally climb ladders, ropes and scaffolds, and can occasionally balance. This person is limited in reaching in all directions with the right upper extremity, and cannot handle (gross or fine) with the right upper extremity. This person could do basic handling with the left hand, none with the right. This person should also avoid concentrated exposure to hazards. AR 249. The VE testified that this person could not perform any of Plaintiff's past relevant work or any other work in the national economy. AR 249.

The ALJ then explained that he had a problem with the alleged onset date of April 2001, because during a September 2002 consultive examination, Plaintiff told Dr. Tran that he was working at the postal office. AR 168, 249. The ALJ noted that Plaintiff did not list the postal service work in his disability report and he discovered the work through the Dr. Tran's report.

3

AR 249.  Ms. Fazio suggested that maybe it was a work attempt, but the ALJ asked Plaintiff whether he stopped working because it was the end of the season, or the end of the period for which he was hired, and Plaintiff responded, "Yes."  AR 250.  The ALJ then asked if Plaintiff wanted to amend the onset date and asked if counsel would like some time off the record to speak with Plaintiff.  The ALJ also stated, "if you leave it to my devices, you might not like my answer."  AR 250.  Ms. Fazio then asked for, and was granted, five minutes off the record.  AR 250.  When Plaintiff returned, he indicated that he would like to amend the onset date.  The ALJ suggested October 1, 2002, as an amended onset date and counsel responded, "Yes, thank you."  AR 251.

Medical Record

The Court will not summarize the medical record because it is not relevant to the determination of the issue presented.

ALJ's Findings

The ALJ determined that Plaintiff had a congenital absence of the right lower arm and carpal tunnel syndrome of the left upper extremity.  AR 19.  The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to lift or carry 10 pounds occasionally or less than 10 pounds frequently, and was precluded from fingering with the right upper extremity and had restrictions on climbing, balancing and working at heights.  AR 19.  The ALJ also found Plaintiff's description of his limitations consistent with the record, at least from the amended onset date of October 1, 2002.  AR 20.  The ALJ determined that Plaintiff's capacity for a full range of sedentary work was significantly eroded by his nonexertional limitations.  AR 20.  He therefore found that Plaintiff was disabled as of October 1, 2002.  AR 21-22.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, the Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. 405 (g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v.*

*Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards.  *E.g.*, *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. § 1382c (a)(3)(A).  A claimant must show that he has a physical or mental impairment of such severity that he is not only unable to do her previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

In an effort to achieve uniformity of decisions, the Commissioner has promulgated regulations which contain, inter alia, a five-step sequential disability evaluation process.  20 C.F.R. §§ 404.1520 (a)-(f), 416.920 (a)-(f) (1994).[2]  Applying this process in this case, the ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since the amended onset of disability (October 1, 2002); (2) has an impairment or a combination of impairments that is considered "severe" (congenital absence of the right lower arm and hand, and carpal tunnel syndrome of the left upper extremity) based on the requirements in the Regulations (20 CFR §§

---

[2] All references are to the 2002 version of the Code of Federal Regulations unless otherwise noted.

416.920(b)); (3) does not have an impairment or combination of impairments which meets or equals one of the impairments set forth in Appendix 1, Subpart P, Regulations No. 4; (4) cannot perform his past relevant work; and (5) does not retain the RFC to perform a significant number of positions in the national economy.  AR 21.  The ALJ therefore determined that Plaintiff was disabled.  AR 21-22.

Plaintiff argues that the evidence supports an onset date of April 1, 2001, and that Plaintiff was intimidated and coerced into amending the onset date to October 2, 2002.

**DISCUSSION**

Plaintiff's argument is two-fold- he argues that the ALJ incorrectly found a problem with the April 1, 2001, onset date and then intimidated and coerced Plaintiff into amending the onset date.

As Plaintiff concedes, there was evidence before the ALJ that suggested that Plaintiff had worked after his alleged onset date of April 1, 2001.  The ALJ did not decide whether Plaintiff's work after April 1, 2001, constituted an unsuccessful work attempt, and this Court will not decide the issue because, as discussed below, Plaintiff was neither intimidated nor coerced into amending his onset date.

Plaintiff argues that he felt "threatened" by the ALJ's statement that "if you leave it to my devices, you might not like my answer."  AR 250.  He also states that the ALJ intimidated Plaintiff "in his long cautions at the outset of the hearing" and made Plaintiff feel like he was the "boss and arbiter of his destiny" by noting that Plaintiff's counsel was just sworn in as an attorney.  Opening Brief, at 4.

Insofar as Plaintiff felt threatened by the ALJ's warning that an onset date of April 1, 2001, may result in an unfavorable finding, the Court does not view this as a threat.  Instead, faced with evidence of work after Plaintiff's alleged onset date, the ALJ identified the possible problem and offered Plaintiff an opportunity to correct it.  Instead of issuing a denial of benefits, the ALJ explained the problem and allowed Plaintiff, who was represented by counsel and afforded an off-the-record discussion with counsel prior to agreeing to an amendment, to resolve the problem.  Indeed, once the onset date was amended, the ALJ granted benefits.

6

Insofar as Plaintiff contends that he was intimidated by the ALJ's opening instructions and the fact that the ALJ "did most of the questioning of Plaintiff thereafter," his argument fails to understand the duties of the ALJ. Pursuant to the regulations, the ALJ looks fully into the issues, questions the claimant and other witnesses, and accepts as evidence any documents that are material to the issue. 20 C.F.R. § 404.944. The ALJ may decide when the evidence will be presented and when the issues will be discussed. *Id.* The ALJ was simply carrying out his duties in questioning Plaintiff and explaining at the outset how the hearing would proceed.

Finally, Plaintiff's argument that the ALJ's comment about counsel's recent bar admission contributed to his impression that the ALJ was the "boss and arbiter of his destiny" is simply nonsense. At the beginning of the hearing, the ALJ stated counsel's appearance for the record as "claimant's lawyer. . ." AR 221. He then stated, "doesn't that sound nice?" AR 221. Counsel replied, "Yes it does. Thank you." AR 221. The ALJ explained to claimant that he made that comment because Ms. Fazio "just got sworn into the bar." AR 221. This is nothing more than a congratulatory comment.

In conclusion, the Court finds that Plaintiff was not intimidated, threatened or coerced into amending his onset date. Given an opportunity by the ALJ, Plaintiff discussed the issue with counsel and agreed to amend the onset date to October 1, 2002, a date suggested by the ALJ likely because it was the day after Plaintiff reported his postal work to Dr. Tran on September 30, 2002. In retrospect, Plaintiff has decided that he did not agree with the amendment, but this does not alter the fact that he made his decision willingly and after consultation with his attorney. The Court therefore recommends that Plaintiff's request for reversal be denied.

## RECOMMENDATION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, the Court RECOMMENDS that Plaintiff's appeal from the administrative decision of the Commissioner of Social Security be DENIED and that JUDGMENT be entered for Defendant Jo Anne B. Barnhart and against Plaintiff Alex Munoz.

1  These findings and recommendations will be submitted to the Honorable Robert E. Coyle, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    September 23, 2005                              /s/ Dennis L. Beck
3b142a                                                    UNITED STATES MAGISTRATE JUDGE